

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-79,039-02

### EX PARTE ROBERT WALTER FISCHER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2004CR0216-W2 IN THE 226TH DISTRICT COURT
### FROM BEXAR COUNTY

*Per curiam*. **Slaughter, J., dissented. Richardson and Yeary, J.J., did not participate.**

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). A jury convicted Applicant of murder and sentenced him to 99 years in prison. The conviction was affirmed on direct appeal. *Fischer v. State*, No. 04-05-00834-CR (Tex. App.—San Antonio del. Jun. 10, 2009). This Court denied Applicant's initial habeas application that challenged the merits of the conviction. *Ex parte Fischer*, No. WR-79,039-01 (Tex. Crim. App. del. Mar. 20, 2013).

Applicant contends in this subsequent habeas application that scientific evidence contradicts

the State's ballistic evidence that was presented at his trial. The claim is based on a new legal basis—Article 11.073 of the Code of Criminal Procedure—which became effective after Applicant's initial habeas application was denied. The trial court finds that Applicant's habeas evidence does not contradict the ballistic evidence relied upon by the State at trial. After an independent review of the record, this Court agrees. This claim lacks merit and is denied.

Applicant also contends, under Article 11.073, that scientific evidence concerning cell-phone tower location data contradicts the cell-phone tower location evidence presented at his trial. The trial court conducted an evidentiary hearing. It finds that relevant scientific evidence that was not available to Applicant at the time of his trial contradicts the testimony given by the State's expert and was "vital to the outcome of the case." The trial court concludes that "Applicant has met his burden in proving by a preponderance of the evidence that, had the scientific evidence supporting ground two been presented at trial, Applicant would not have been convicted."

This Court has considered the State's objections. The trial court's findings are supported by the record. Relief is granted. The judgment in Cause No. 2004CR0216 in the 226th District Court of Bexar County is set aside, and Applicant is remanded to the custody of the Sheriff of Bexar County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.


Delivered: March 10, 2021
Do not publish